**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ELBERT KIRBY, JR.; CALEB
MEADOWS,

      Plaintiffs - Appellants,

v.

DAVID M. O'DENS,

      Defendant - Appellee.

No. 15-5045
(D.C. No. 4:15-CV-00156-GKF-FHM)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.

Elbert Kirby Jr. and Caleb Meadows (Appellants), proceeding *in forma pauperis*,

sued David O'Dens for defamation, slander, and libel in the United States District Court

for the Northern District of Oklahoma. The district court dismissed the action sua sponte

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal.

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Appellants premise their complaint on a statement made by Mr. O'Dens while litigating an earlier case in the same federal district court. Their complaint, however, does not describe the circumstances of Mr. O'Dens's statement, alleging only that he "published a public document viewable to the public quoting the Plaintiffs were 'control[ling] the state court judge,' by the FDCPA action which was filed by the Plaintiffs in this federal court." Verified Compl. at 2, *Kirby v. O'Dens*, No. 4:15-cv-00156-GKF-FHM (N.D. Okla. Apr. 1, 2015). In evaluating the sufficiency of the complaint, we exercise our discretion to take judicial notice of publicly filed records in that earlier case, *Kirby v. O'Dens*, No. 14-CV-388-JHP-PJC (N.D. Okla. 2015). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("matters of which a court may take judicial notice" may be used in deciding whether to dismiss for failure to state a claim (internal quotation marks omitted)).

The prior litigation alleged violations of federal consumer-protection laws arising out of state-court foreclosure proceedings against property owned by Kirby and tenanted by Meadows. Appellants had moved to compel discovery responses. In his response to the motion, Mr. O'Dens wrote: "[T]he *gravamen* of [Appellants'] complaint is based upon what they perceive as incorrect rulings by [the state judge] in the state court

collection action.  As expressed by Kirby at the scheduling conference, this action was brought to 'control the state court judge.'"  Resp. to Mot. to Compel at 6, *Kirby*, No. 14-CV-388-JHP-PJC, (N.D. Okla. Feb. 20, 2015).  Appellants claim that Mr. O'Dens's statement about controlling the state judge was "libelous on its face" and "clearly exposes the [Appellants] to hatred, contempt, ridicule and obloquy because it accuses the [Appellants] of saying something behind someone's . . . back out of spite."  Verified Compl. at 2–3, *Kirby*, No. 4:15-cv-00156-GKF-FHM.

Appellants' claim fails because the allegedly libelous statement was privileged.  "Oklahoma has long recognized that attorneys, parties and witnesses are immune from *defamation and certain other suits* where those suits are based upon communications made *during or preliminary to judicial proceedings* as long as the communication is in some way relevant to the proceeding."  *State ex rel. Okla. Bar Ass'n v. Dobbs*, 94 P.3d 31, 45 (Okla. 2004).  The statement in Mr. O'Dens's response to Appellants' motion to compel satisfies these conditions.  It was made during a judicial proceeding.  And it was relevant because it concerned the factual background of Appellants' complaint.  The purpose of the statement was apparently to strengthen the argument that the motion to compel was meritless by pointing out that the claim itself was frivolous.  There is ample authority for Mr. O'Dens's effort.  In *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000), we upheld the denial of a motion to compel because the action was brought "without any factual basis evincing specific misconduct by the defendants" and the plaintiff's discovery requests were a "fishing expedition" based "upon conclusory

allegations in the hope of finding the necessary evidence of misconduct." And the federal rules permit a district court to forbid discovery "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Mr. O'Dens's statement is therefore absolutely privileged because it was made during a judicial proceeding and was relevant to that proceeding.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge